IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Citicapital Technology Finance, Inc.) formerly known as EAB Leasing Corp., a) Pennsylvania corporation; Citicapital) Commercial Leasing Corporation,) formerly known as Associates Leasing,) Inc., an Indiana Corp.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Grant H. Goodman; Teri B. Goodman,) husband and wife,<br><br>　　　　Defendants. | No. CV 03-1587-PHX-JAT<br><br>**ORDER** |

Pending before the Court are the parties' cross motions for summary judgment (Doc. # 33, Plaintiffs; Doc. # 35, Defendants). It is undisputed that the Defendants were guarantors of certain equipment leases with Plaintiffs and that Defendant's company, GTI Capital Holdings, L.L.C., is currently in bankruptcy. It is undisputed that the lease agreements were breached, that Plaintiffs repossessed the equipment and sold it. The only issue centers around the amount, if any, that Plaintiffs have been damaged. Plaintiffs seek judgment in the amount of $275,020.13 plus attorneys' fees and costs.[1]

---

[1] In its motion for summary judgment, Plaintiffs seek $153,950.44 against Grant Goodman and $121,069.69 against Grant and Teri Goodman.

1    A court can only grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment. *Id.* at 255.

Defendants claim Plaintiffs have suffered no damages because the equipment could have been re-leased and that if future rental streams are considered, no damages were suffered. A subset of this argument is that the amount Plaintiffs sold the equipment for is unreasonable. Defendants also claim that Plaintiffs have incorrectly applied the damages formula found in the lease agreements in that they have 1) failed to reduce to present value; 2) failed to take into account interest due to the timing of the receipt of sale proceeds; 3) failed to take into account the present value of the fair market rental value from repossession to end of lease; 4) failed to explain or support various charges, including late charges; and 5) provided no evidence of costs actually incurred to sell repossess and sell the equipment.

Defendants further claim that because Plaintiffs failed to properly calculate damages under the terms of the lease, they are required to calculate damages under A.R.S. § 47-2A528. Plaintiffs provided no damages calculation in their motion for summary judgment, but submitted a supplemental affidavit in their reply/response that shows a calculation of damages. Defendants argue that the Court should not consider this new damages calculation because it was not set forth in the motion for summary judgment and because the damages

- 2 -

calculation was previously undisclosed. The Court agrees that Plaintiffs cannot rely on new evidence in support of their motion for summary judgment that is first raised in their reply brief.[2] *See Eberle v. City of Anaheim*, 901 F.2d 814 (9th Cir. 1990). Plaintiffs' motion simply stated an amount they claim to be owed. They provided no analysis whatsoever on how that amount was calculated. In fact, in their moving papers, Plaintiffs seek $275,020.13. In their supplemental affidavit, they claim they are owed $356,830.20, a significant difference. There is a disputed fact just in Plaintiffs own filings regarding the amount of damages.

When the party moving for summary judgment "would bear the burden of proof at trial, it must come forward with *evidence* which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transportation Brokerage Company, Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)(internal quotations omitted)(emphasis added). The only real dispute in this case is the issue of damages, one that Plaintiffs clearly bear the burden on. The Court finds that they failed to meet that burden. Therefore, as to Plaintiffs' motion, the burden did not shift to Defendants to establish a disputed issue of fact on damages.

In the alternative, the Court finds that the affidavit of James Carmichael, Defendants' expert, creates a disputed fact as to the amount of damages. Mr. Carmichael challenges whether Plaintiffs' reasonably mitigated their damages and claims that had they reasonably mitigated, there would be no balance owed. Questions of reasonableness are generally decided by the trier of fact. Plaintiffs claim that Mr. Carmichael is not qualified to opine about the value of the equipment. However, in support of this claim, Plaintiffs make only a general statement that "Mr. Carmichael has no specialized training and no practical experience to give an opinion of value." Yet, Mr. Carmichael was the chief operating officer of GTI and has first hand knowledge of the condition of the equipment and has considerable experience in the cement/ready mix and mining industries. Plaintiffs argue that their expert

---

[2] The Court makes no ruling on whether the damages calculation can be submitted at trial. Any objection Defendants may have on this issue can be raised at the appropriate time.

- 3 -

1   is more experienced and therefore the Court should adopt his valuation. However, which
2   expert is more credible will be a question for the jury. *Anderson,* 477 U.S. at 255.

3         In their cross motion, Defendants claim that the liquidated damages provisions in the
4   leases are unconscionable because they fail to reduce to present value. The Court disagrees.
5   Defendants' argument focuses on whether the damages calculation as presented in Plaintiffs'
6   motion for summary judgment is unconscionable because Plaintiffs failed to discount to
7   present value. The Court notes that it is impossible to know whether the calculation in
8   Plaintiffs' motion for summary judgment discounted to present value because Plaintiffs did
9   not show how they arrived at the amount. However, Lease Nos. 121, 122, 468, and 548
10  include a reduction to present value and in the supplemental affidavit of Bonnie Schlee,
11  Plaintiffs applied that lease provision. As for the damages formula used in the vehicle leases,
12  that formula is one which is mentioned in the comment to U.C.C. § 2A-504 as being a
13  common and valid lease provision. Further, the Court agrees that "the amount fixed is
14  reasonable to the extent that it approximates the loss anticipated at the time of the making of
15  the contract, even though it may not approximate the actual loss." *Pima Savings and Loan*
16  *Association v. Rampello*, 812 P.2d 1115, 1118 (Ariz. App. 1991). The Court finds that the
17  lease provisions are not unconscionable and Defendants' cross motion for summary judgment
18  will therefore be denied.

19        Defendants also ask the Court to credit any damages owed to Plaintiffs with the
20  amount that Plaintiffs could receive in the GTI bankruptcy. The Court takes judicial notice
21  that the bankruptcy court approved Plaintiffs' administrative claim and that payment of this
22  claim was part of a lengthy trial regarding whether a secured creditor's collateral should be
23  surcharged to pay certain expenses. The parties in that matter have submitted proposed
24  findings of fact and conclusions of law. Because the bankruptcy court has not yet issued
25  findings of fact and conclusions of law, this Court cannot credit Defendants with the amount
26  of the administrative claim. However, the Court notes that if the bankruptcy court allows the
27  surcharge, the amount that Plaintiffs claim to be owed, under either of their damages
28  calculations, will be significantly reduced.

1  Accordingly;

2  **IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment is **DENIED** (Doc.
3  # 33);

4  **IT IS FURTHER ORDERED** that Defendants' Cross-Motion for Summary
5  Judgment is **DENIED** (Doc. # 35);

6  **IT IS FURTHER ORDERED** that an Order setting final pretrial conference will
7  follow.

DATED this 27th day of September, 2005.

James A. Teilborg
United States District Judge