**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Citicapital Technology Finance, Inc. formerly known as EAB Leasing Corp., a Pennsylvania corporation; Citicapital Commercial Leasing Corporation, formerly known as Associates Leasing, Inc., an Indiana Corp.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Grant H. Goodman; Teri B. Goodman, husband and wife,<br><br>    Defendants. | No. CV 03-1587-PHX-JAT<br><br>**ORDER** |

       Pending before the Court is Defendants' "First Verified Consolidated Independent Action" in which they seek, as Plaintiffs, to set aside the judgment against them in this case. The judgement entered by this Court on July 21, 2006 was affirmed by the Court of Appeals (*see* Mandate at Doc. #136, received August 4, 2008).

       Despite calling their filing an "independent action," Defendants invoke the jurisdiction of this Court under Federal Rule of Civil Procedure "60(b)" and "60(b)(3)(4)(5)" (which are actually three different subsections). Defendants also reference the injunction provisions of Rule 65. The Court has reviewed Rule 60(b) and does not find authority for the "independent action" in Rule 60(b). The Court notes that Rule 60(d)(1) provides that nothing in the enactment of Rule 60 as a whole limited the district court's ability to entertain

1 an independent action. However, the Court does not find that any provision of 60(b) provides the court with an affirmative grant of the power to entertain an independent action. Therefore, this Court rejects Defendants' contention that they can invoke the jurisdiction of this Court to entertain an independent action under Rule 60(b).

The Court suspects that Defendants' repeated references to the "savings clause" of Rule 60(b) stems from Defendants failure to read a current version of the Federal Rules of Civil Procedure. Thus, the Court presumes Defendants intended to be citing Rule 60(d)(1) as their basis for bringing an "independent action." However, the Court's analysis is unchanged. Specifically, whether the reference to the independent action is found in the savings clause of former Rule 60(b) or in Rule 60(d)(1), the reference to the independent action, "is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2868, at 396 (1995); *see also Herring v. Federal Deposit Ins. Corp.*, 82 F.3d 282, 285 (9th Cir. 1995). Accordingly, nothing in Rule 60 grants the power to entertain an independent action to the district courts; instead the power that pre-dates the rules remains reserved to the district courts.

Having now identified the source of this Court's power to entertain independent actions, the Court must consider the breadth of that power. The Supreme Court has held that, given the power conferred to the district court to set aside judgments for fraud, misrepresentation, or misconduct under Rule 60(b)(3), the power reserved to the court to hear an independent action must be something more than the bases listed in the Rule. *See United States v. Beggerly*, 524 U.S. 38, 46 (1998). Thus, the Supreme Court stated that the independent action is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand departure from rigid adherence to the doctrine of res judicata." *Id.* (internal quotations omitted). In other words, the Court concluded that "an independent action should be available only to prevent a grave miscarriage of justice." *Id.* at 47.

Having now defined the standard governing an independent action, the Court must consider the timing of the independent action. Generally, "There is no time limit on when an independent action may be brought, but the doctrine of laches is applicable and undue delay may bar relief." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2868, at 401-02 (1995) (footnotes omitted). When a case has been appealed to a court of appeals, and the appellate court has affirmed the district court's judgment, some courts have held that leave of the appellate court is required before the district court can entertain an independent action which attacks the affirmed judgment. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2868, at 402 and n. 20 (1995). Notably, the Supreme Court has held that leave of the court of appeals is not required to bring a Rule 60(b) motion. *See Standard Oil Co. of Calif. v. United States*, 429 U.S. 17, 17-19 (1976); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2873, at 438 (1995). However, in *Standard*, the Supreme Court was discussing the affirmative grants of power vested in the district courts through Rule 60(b) and not the powers that remained with the district courts from prior to the enactment of Rule 60(b). No party has discussed whether leave of the appellate court is required to bring an independent action.[1]

The Court also notes that Defendants appear to be seeking relief under Federal Rules of Civil Procedure 60(b)(3), 60(b)(4), and 60(b)(5). Preliminarily, the Court agrees with the Response (Doc. #134) that any relief sought under Rule 60(b)(3) is barred by the one year statute of limitations. Fed. R. Civ. Pro. 60(c)(1).[2] The limitations period for claims under 60(b)(4) and 60(b)(5) is, "a motion under Rule 60(b) [(4) and (5)] must be made within a

---

[1] All parties have discussed whether the fact that the case was on appeal when the motion was filed divested this Court of jurisdiction to hear the motion. That issue is now moot because the Court of Appeals has issued the mandate which returns jurisdiction to this Court.

[2] The Court notes that the basis for setting aside judgments based on "fraud upon the court," reserved to the court in Federal Rule of Civil Procedure 60(d)(3), is not subject to this same time limitation. However, Defendants have not invoked this power of the court in bringing their "independent action."

- 3 -

reasonable time." Fed. R. Civ. Pro. 60(c)(1). The Response does not address whether this motion was made within a "reasonable time."

For the reasons stated above, the Court does not find the independent action to be subject to summary denial as the Response suggests. Accordingly the Court will set an evidentiary hearing on the "independent action" — docketed at 132 as a motion to vacate judgment. Each party shall submit proposed findings of fact and conclusions of law on the independent action consistent with an order to follow outlining the time requirements for such submissions. These submissions shall address all potential bars to the independent action raised herein, the merits of the independent action, and any other issues the parties deem appropriate.

Based on the foregoing,

**IT IS ORDERED** setting a hearing on Doc. #132 for October 15, 2008 at 9:00 a.m.[3]

DATED this 7th day of August, 2008.

James A. Teilborg
United States District Judge

---

[3] The Court makes no ruling at this time regarding Defendants' addition of new "defendants" in the independent action. Whether those "defendants" are properly added and whether they have been properly served may be raised at the hearing. Further, any issues of whether new "plaintiffs" can be added in the independent action may also be raised at the hearing.